JUSTICE LEAPHART
dissenting.
¶55 I dissent as to juror Caldwell. During the course of voir dire, Caldwell stated that she was the victim of a stalking incident which resulted in a property crime. She had also volunteered as a rape survivor advocate and stated, on two different occasions during voir dire that, if she were in the shoes of the defendant in a rape (sexual intercourse without consent) case, she “probably wouldn’t want somebody on the jury that had my experience.” These straightforward statements from a prospective juror are sufficient to raise a serious question about her ability to be fair and impartial. State v. DeVore, 1998 MT 340, ¶ 24, 292 Mont. 325, ¶ 24, 972 P.2d 816, ¶ 24 (belief that defendant was guilty of something demonstrated a serious question about ability to be impartial and honor the presumption of innocence). ¶56 Section 46-16-115(2)(j), MCA, provides that a prospective juror can be challenged if it is apparent that the juror has “a state of mind in reference to the case or to either of the parties that would prevent the juror from acting with entire impartiality and without prejudice to the substantial rights of either party.” Obviously, no one is in a better position than Caldwell herself to explain her “state of mind.” When Caldwell, a victim of a sex-related crime and a rape survivor volunteer, states that “I feel I probably shouldn’t be on this particular case,” neither the trial court nor this Court should be second guessing her truthful acknowledgment that another juror could be “more fair and impartial.” Fairness does not come in degrees. Either a juror feels she can be fair and impartial or not. The defendant has a constitutional right to a fair and impartial jury, and he should not have to exercise a peremptory challenge to excuse someone with Caldwell’s admittedly skeptical state of mind.